No. 377
WEISS v. STEARN
U. S. District Court, N. D., Ohio
No. 3790.   Jan. 9, 1923
This opinion has not been published except in Abstract.
INTERNAL REVENUE—Income received by stockholders on reorganization of corporation.
PECK, D. J.:
Epitomized Opinion

This was an action brought by Stearn and White against Weiss, Collector of Internal Revenue, in the U. S. District Court to recover certain sums of money, paid as income tax. The plaintiffs were stockholders in the Eastman, Dillon & Co., which corporation transferred all its property subject to its debts to a new corporation, organized under the laws of Ohio, to take over and continue the business, but with a capital stock five times as large as the old company. The stockholders delivered all of their stock to an intermediary in trust, the par value of each share of old stock being $100. For each share so deposited they were to and later did receive $150 cash and five shares of new stock of a nominal par value of $50 each, but actually valued at $30 each. One-half of the new stock was distributed among the old stockholders at an agreed valuation and a third party purchased the other half at the same valuation, proceeds being distributed among the old stockholders at the above rate. After this transaction was completed the Eastman, Dillon & Co. then dissolved, the new company taking its place. This transfer really increased the corporate stock and at the same time reduced the face value of the shares by a process of exchange of new stock for old. The plaintiffs, who were among the old stockholders, paid an income tax on such profit as was made on that half of the stock which was sold at $30 per share. The collector further compelled them to pay a like tax of a similar amount because of the receipt of the other half of the new stock in exchange for the old, the government claiming that they made the same gain thereby as upon the half which they had already sold. The plaintiffs recovered a judgment for the

amount paid under this second assessment in the District Court, whereupon the tax collector prosecuted error to the U. S. Circuit Court of Appeals. Held:

1. Under Income Tax Act 1916, Par. 2a, being Compiled Statutes, Par. 6336b, the distribution by a corporation upon reorganization of new stock in exchange for old did not involve a taxable income inasmuch as the same investment was still entered in the same enterprise although represented by new stock certificates; therefore the stockholders were only subject to an income tax on the $150 per share.

Attorneys—C. M. Charest, B. W. Henderson, E. S. Wertz, and C. A. Mapes. for Weiss; C. P. Hine, for Stearn, and J. G. White, for White.

---

No. 378
LAKESIDE AND MARBLEHEAD R. R. CO. v.
DAVIS
S. U. District Court, N. D. Ohio, E. D.
No. 11373.   March 6, 1923
This opinion has not been published except in Abstract.
ACTIONS—(1) Leave to file amended petition after proper time—(2) Federal Court governed by state law in regard to when actions are brought—(3) Meaning of commencement of action under Ohio statute.
WESTENHAVER, D. J.
Epitomized Opinion

This is an action brought by the Lakeside & Marblehead R. R. Co. v. James C. Davis as Federal Litigating Agent based upon a transaction between it and the Director General of Railroads during the period of federal control. Plaintiff's original petition was filed Feb. 28, 1922. Summons was issued on the same date and delivered to the marshall on that date for service. The petition was duly served on March 2, 1922. A demurrer to the petition was sustained Sept. 25, 1922. Plaintiff then filed a motion on Feb. 21, 1923, supported by affidavit for leave to file an amended petition. The affidavit set forth that the plaintiff did not receive notice of the overruling of the original petition. The defendant objected on two grounds. First, that the request for leave is out of rule and unreasonably delayed. Second, that the cause of action stated in the original petition was barred by the Statute of Limitation because the service was not had until after the two year period provided in the Federal Transportation Act of 1920. Sec. 206 of the Federal Transportation Act of 1920 was passed on Feb. 28, 1920, and the two year period of limitation therein commenced to run from the date of its passage. The plaintiff contended that inasmuch as the summons was issued in due time that the action was not barred. The court held:

1. Although the time for filing an amended petition had expired, leave to file an amended petition should and will be granted where it appears that the plaintiff did not receive notice of the overruling of the demurrer to the petition.

2. In an action at law brought in a Federal Court the question of when an action is brought is to be determined by the provisions of the state law in which said Federal Court is located.

3. As GC. 11279 of Ohio provides that a civil action is commenced by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon, the present action is to be regarded as brought from the date of the issue of the summons even though it may not have been delivered the marshal until one or two days later.

Attorneys—Griswold, Green, Palmer & Hadden for plaintiff; Wilson, Hahn, Henderson & Wilson for defendant.